UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Michael L. Plouffe<br><br>　　　　　Plaintiff,<br>v.<br><br>MICHAEL ASTRUE, in his official capacity as COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | 3:10 - CV - 1548 (CSH)<br><br>**ORDER** |

HAIGHT, Senior District Judge:

　　This action, filed under § 205(g) of the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), as amended, sought review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff disability insurance benefits and supplemental security income benefits. Plaintiff maintains that he has been disabled since January 18, 2007, and is unable to pursue gainful employment, due to the medical condition of sclerosing mesenteritis and ensuing pain and depression.[1]

　　Pursuant to 28 U.S.C. § 636(b)(1)(B), this Court designated Magistrate Judge Joan G. Margolis to conduct any necessary hearing, review the evidence, and submit to this Court recommendations for disposition of the case. On August 4, 2011, Magistrate Judge Margolis filed

---

[1] "Sclerosing mesenteritis" is "a disease of the small intestine, characterized by chronic inflammation and eventual fibrosis of the mesentery," the double layer of membrane connecting the small intestine to the back wall of the abdomen. Wikipedia: The free encyclopedia (2004, July 22), FL: Wikimedia Foundation, Inc., retrieved November 30, 2011, from *http://www.wikipedia.org*.

1

and submitted to this Court her Recommended Ruling (Doc. #19), concluding that the decision of the Commissioner was not supported by substantial evidence and should thus be reversed and remanded for a calculation of benefits. In so holding, Magistrate Judge Margolis granted plaintiff's motion for judgment on the pleadings (Doc. #12) and denied the Commissioner's motion to affirm his final decision at issue (Doc. #17).

The Court has reviewed Judge Margolis's Recommended Ruling (Doc. #19), the Commissioner's Objection thereto (Doc. #20), and plaintiff's Response to that Objection (Doc. #21) and has concluded that it agrees with the Recommended Ruling. Specifically, the Court concurs with Magistrate Judge Margolis's finding that the decision of the Administrative Law Judge ("ALJ"), as adopted by the Commissioner, should be set aside as unsupported by substantial evidence.[2] Doc. #19, p. 42 (citing *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998) ("We set aside the ALJ's decision only where it is based upon legal error or is not supported by substantial evidence.")). *See also Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (reversal of Commissioner's decision warranted if not supported by substantial evidence).

As summarized in Magistrate Judge Margolis's recommended ruling, "the ALJ erred in failing to consider the opinions of plaintiff's treating physicians, in failing to provide reasons for rejecting such opinions, and in assigning more weight to the state agency consultant whose opinion was not supported by substantial evidence of the record." Doc. #19, p. 42. Moreover, the ALJ

---

[2]On April 27, 2010, the ALJ issued her decision that plaintiff was not disabled, and on August 3, 2010, the Social Security Administration "issued its Notice of Decision Review Board Action, informing plaintiff that it did not complete its review of plaintiff's claim during the ninety-day period, thereby rendering the ALJ's decision the final decision of the Commissioner." Doc. #19, p. 2 (citing Certified Transcript of Administrative Proceedings, dated 11/23/2010, at 4-17 & 1-3, respectively). *See also* Doc. #1 (Complaint), p. 2 (¶¶ 9-11).

erred in relying on the Medical Vocational Guidelines without considering whether plaintiff's additional nonexertional limitations, such as pain and depression, "significantly diminish[ed] his work capacity."[3]  *Id.* at 42-43.  Lastly, the ALJ's assessment of plaintiff's credibility "was not consistent with the other evidence in the record." *Id.* at 43.[4]

In reaching this decision, I have considered the Commissioner's objection that the magistrate judge treated plaintiff's "substance abuse problem" as an "irrelevant consideration" when actually "one view of the evidence is that Plaintiff's subjective complaints were related to his substance abuse problem and efforts by him to obtain narcotic pain medication." Doc. #20, p. 2 (citation omitted). In other words, the Commissioner contends that plaintiff's abuse of painkillers was an "alternative explanation" for such subjective complaints as pain, suicidal thoughts and overuse of hospitalization. *Id.* at p. 3.

I find, however, that rather than ignoring substance abuse with respect to evaluating plaintiff's credibility, the magistrate judge took into account plaintiff's treating physicians' views that such drug-related behavior was inextricably tied to the extreme pain plaintiff experienced as a result of his sclerosing mesenteritis. *See, e.g.,* Doc. #19, p. 37 (quoting plaintiff's therapist, Richard Sugarman, L.C.S.W., as stating that plaintiff was "wracked with intense physical pain, obsessed

---

[3]As set forth by Magistrate Judge Margolis, the "Medical Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix II, Rules 200-204, are a shorthand way of evaluating vocational factors that take into consideration a claimant's age, education, and previous work experience." Doc. #19, p. 38 (citation omitted).  "Mental disabilities such as depression are nonexertional limitations[,] as is pain, as both affect the ability to meet the certain work demands." *Id.* (internal quotations and citations omitted).

[4]As Magistrate Judge Margolis noted, "this case is remarkable for the consistency of treatment, the record of the severity of plaintiff's depression, which includes four serious attempts at suicide, and objective medical tests that support plaintiff's complaints of disabling pain." Doc. #19, p. 34.

with trying to numb it, [and] preoccupied with thoughts of suicide;" and plaintiff's "[e]xtreme physical pain leads him to drug-seeking behavior, followed by over-use of pain med[ication]").[5]

In fact, the magistrate judge acknowledged plaintiff's substance abuse while "scrutiniz[ing] the entire record to determine the reasonableness of the ALJ's factual findings." Doc. #19, p. 27 (citing *Dotson v. Shalala*, 1 F.3d 571, 577 (7th Cir. 1993)). She thus examined the record in its entirety to evaluate whether "substantial evidence" – *i.e.*, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"– exists to support the Commissioner's determination, *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See* Doc. #19, p. 26 (citing *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998); *Richardson*, 402 U.S. at 401; & *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998)). I concur with her conclusion that "substantial evidence" does not support the Commissioner's decision.

Lastly, the Commissioner has asserted that, "[a]t the very least," a new hearing is necessitated because "there is a conflict in the way in which the evidence may be interpreted." Doc. #20, p. 4. Conversely, I find that "application of the correct legal standard could lead to only one conclusion." *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998). The conclusion yielded is that the Commissioner's decision is not supported by "substantial evidence." The plaintiff is disabled and entitled to the claimed benefits. Remand solely for calculation of benefits is thus warranted. *See, e.g., Carroll v. Sec'y of Health & Human Serv.,* 705 F.2d 638, 644 (2d Cir. 1983) (where claimant was denied disability benefits based on ALJ's finding that claimant had residual functional capacity

---

[5]Furthermore, the record in this case reflects that as of June 2008, "[w]hile plaintiff had a history of substance abuse, he had been clean for five years." Doc. #19, p. 14. The re-emersion of his drug dependency appears directly related to his present physical affliction of sclerosing mesenteritis.

for sedentary work and that finding was not supported by "substantial evidence," in the absence of new or additional evidence, no purpose would be served by remanding case to Commissioner for rehearing). *See also Hedman-Ouellete v. Social Security Admin.*, No. 3:07 CV 1462 (PCD), 2009 WL 497605, at *24 (D. Conn. Feb. 24, 2009) (remanding matter to Commissioner "for the purpose of calculating benefits"); *Weihler v. Barnhart*, No. 3:05 CV 1576 (SRU)(WIG), 2007 WL 840085, at *17 (D. Conn. Feb. 9, 2007) ("decision of the Commissioner was not supported by substantial evidence and should be reversed with the case remanded for a calculation of benefits").

In consequence, the Court ACCEPTS the Recommended Ruling of Magistrate Judge Margolis and ADOPTS it as the Ruling of this Court. Plaintiff's motion for judgment on the pleadings (Doc. #12) is GRANTED and the Commissioner's motion to affirm his final decision (Doc. #17) is DENIED. The decision of the Commissioner, denying plaintiff disability insurance benefits and supplemental security income benefits, is reversed. The case is hereby remanded to the Commissioner for the purpose of calculating the benefits owed to plaintiff. The Clerk of the Court is directed to close the file.

    It is SO ORDERED.
    Dated: New Haven, Connecticut
         December 1, 2011

                                      */s/Charles S. Haight, Jr.*
                                      Charles S. Haight, Jr.
                                      Senior United States District Judge